UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CCP FINANCE I LLC,

Judgment Creditor/Petitioner,

-v.-

WINGATE SENIOR LIVING, LLC d/b/a WINGATE LIVING, WINGATE HEALTH CARE HOLDINGS, INC., and SCOTT SCHUSTER,

Respondents,

-with-

WINGATE HEALTHCARE, INC., WINGATE OF DUTCHESS, INC., WINGATE AT ST. FRANCIS, LLC, and WINGATE OF ULSTER, INC.,

Judgment Debtors/Interested Parties.

26 Civ. 9173 (JHR)

MEMORANDUM OPINION & ORDER

JENNIFER H. REARDEN, District Judge:

Before the Court is the motion of Petitioner CCP Finance I LLC ("CCP") for a temporary restraining order and preliminary injunction against Respondents Wingate Senior Living, LLC ("Living"), Wingate Health Care Holdings, Inc. ("Holdings"), and Scott Schuster. ECF No. 22. Petitioner holds an unsatisfied $4,770,777.08 judgment against Wingate Healthcare, Inc. ("WHC") and three affiliated entities (together, the "Judgment Debtors"). *See* ECF Nos. 1-1, 30. Petitioner seeks to enjoin Respondents—a separate group that does not overlap with the Judgment Debtors—"including all of their respective and collective agents and affiliates, from making or suffering any sale, assignment, transfer, encumbrance, or interference with any assets or other property in which they respectively or collectively have any interest," "unless and until they post a bond for the continuing full amount of the underlying Judgment." ECF No. 22 at 1. Respondents oppose. ECF No. 30. For the reasons set forth below, the motion is denied.

## BACKGROUND

On January 30, 2026, Petitioner obtained its judgment against the Judgment Debtors in New York Supreme Court for failure to pay a promissory note. ECF No. 30 at 11.[1] The action had commenced more than four years earlier, in December 2021. *Id.* Petitioner alleges that, during post-judgment discovery, it uncovered a series of fraudulent transfers from WHC to Respondents in 2022, after the case was filed. Specifically, Petitioner avers that WHC assigned five bank accounts to Holdings and conveyed its personal property, intellectual property, and vendor contracts to Living. ECF No. 1-1 (Pet.) ¶¶ 167-210. Respondents do not contest that the transfers took place, but they dispute their purpose and value. *See* ECF No. 29 ¶¶ 26-40.

On October 14, 2026, Petitioner initiated this CPLR Article 52 special proceeding against Respondents in New York state court. Pet. at 1. The Petition seeks to "hold[] Respondents . . . liable for the underlying Judgment," *id.* at 73, based on successor, fraudulent-transferee, conspiracy, and alter-ego theories of liability, *id.* ¶¶ 238-336. The Petition also requests an accounting, a receiver, and "payment, turnover, and/or execution on Respondents' . . . respective and collective assets and/or other property that may partially or wholly satisfy the underlying Judgment." *Id.* at 74.

On October 19, 2026, Respondents removed the proceeding to this Court. ECF No. 1. On October 20, Respondents requested a status conference, and Petitioner filed a letter asking the Court to "exercise its inherent authority under 28 U.S.C. § 1447(c) to immediately decline jurisdiction and issue an Order remanding the matter." ECF Nos. 3, 5. The Court held a conference on October 22, at which it heard argument regarding Petitioner's anticipated motions to remand and for a temporary restraining order. ECF No. 8. Petitioner moved to remand on

[1] The judgment, which the Judgment Debtors have appealed, remains unsatisfied. *See* ECF No. 30 at 11.

October 23. ECF No. 14. Following full briefing and additional argument, the Court denied the motion. *See* ECF Nos. 15, 19, 24; Oct. 30, 2026 Minute Entry. On October 29, Petitioner filed this application for a "TRO and/or preliminary injunction," along with a memorandum of law and various exhibits. ECF No. 22. Respondents filed their opposition and supporting declarations on November 1. ECF Nos. 26-29.[2] Petitioner filed its reply on November 2. ECF No. 32 (Reply).

**LEGAL STANDARD**

A preliminary injunction is "an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). "It is well established that in this Circuit the standard for an entry of a TRO is the same as for a preliminary injunction." *Andino v. Fischer*, 555 F. Supp. 2d 418, 419 (S.D.N.Y. 2008). "A party seeking a preliminary injunction must show (1) irreparable harm; (2) either a likelihood of success on the merits or both serious questions on the merits and a balance of hardships decidedly favoring the moving party; and (3) that a preliminary injunction is in the public interest." *N. Am. Soccer League, LLC v. U.S. Soccer Fed'n, Inc.*, 883 F.3d 32, 37 (2d Cir. 2018).

**DISCUSSION**

Before a court may issue any proposed preliminary relief, it must ensure that it has the power to do so. "A district court's equitable authority to issue preliminary injunctions—pursuant to Rule 65 of the Federal Rules of Civil Procedure—is circumscribed by 'traditional principles of equity jurisdiction.'" *Leadenhall Cap. Partners LLP v. Advantage Cap. Holdings LLC*, 171 F.4th 155, 160 (2d Cir. 2026) (quoting *Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond*

---

[2] Respondents filed a revised opposition, which "correct[ed] the Table of Contents and pagination only," on November 2. *See* ECF No. 30 (Opp.).

*Fund, Inc.*, 527 U.S. 308, 319 (1999)). As relevant here, a district court has "no authority to issue a preliminary injunction preventing [a party] from disposing of [its] assets pending adjudication of [a] contract claim for money damages." *Grupo Mexicano*, 527 U.S. at 333. This is true regardless of any concern that a party will attempt to render a future judgment uncollectible, *see id.* at 322, as even a finding that one party "intend[s] to frustrate any judgment on the merits by making an award uncollectible does not alter the *nature* of the obligation sought to be enforced," *Leadenhall*, 171 F.4th at 164 (vacating in part the district court's preliminary injunction).[3]

Accordingly, to obtain prejudgment relief, a party must assert a "lien or [an] equitable interest" in the specific assets it seeks to restrain, *Grupo Mexicano*, 527 U.S. at 310—that is, "an interest in particular property, as opposed to a general interest in receiving compensation," *Leadenhall*, 171 F.4th at 163—or be "pursuing a claim for final equitable relief," *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 131 (2d Cir. 2014).

### A. <u>The Court Lacks the Power to Enter the Requested Relief</u>

Petitioner does not assert a lien against Respondents' property. Nor, as explained below, does it assert an "equitable interest" in Respondents' property or seek any "final equitable relief." As a result, the Court may not, consistent with the historical limitations on its equitable powers, order the relief requested by Petitioner.

[3] As a general matter, "[w]hen a plaintiff fears that a [a party's] actions might frustrate an anticipated money judgment, its remedies lie in the state prejudgment remedies available through Federal Rule of Civil Procedure 64, not a preliminary injunction." *JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc.*, 295 F. Supp. 2d 366, 390 (S.D.N.Y. 2003).

### 1. <u>**Petitioner's Claims for Money Damages Do Not Assert an Equitable Interest in Respondents' Property or Seek Final Equitable Relief**</u>

The bulk of the Petition relates to Petitioner's first six causes of action: its successor liability, fraudulent-transferee liability, conspiracy, aiding and abetting, alter ego, and veil-piercing claims. Each seeks the same relief: a judgment "holding Respondents . . . liable for the underlying Judgment . . . in the amount of $4,770,777.08." Pet. at 73; *see id.* ¶¶ 272, 293, 303, 311, 325, 336. These claims are for legal relief—that is, monetary damages—rather than any "final equitable relief." *Gucci*, 768 F.3d at 131. Moreover, they assert only "a general interest in receiving compensation," rather than "an interest in particular property." *Leadenhall*, 171 F.4th at 163. Petitioner's first six claims therefore provide no basis for the court to issue the requested preliminary injunction. *See Dong v. Miller*, No. 16 Civ. 5836 (NGG) (JO), 2018 WL 1445573, at *10 (E.D.N.Y. Mar. 23, 2018) (holding the court lacked the authority to issue a prejudgment injunction where the plaintiff's fraudulent conveyance claims "sound[ed] in law, not equity" because the plaintiff sought legal relief—"money damages"—rather than equitable relief—such as having "the alleged fraudulent conveyances invalidated or set aside").

Petitioner primarily responds that it "is a judgment creditor" and thus has "equitable interests in the assets of [the] [J]udgment [D]ebtor[s'] fraudulent transferees, successors, and alter egos." Reply at 9. In other words, Petitioner attempts to distinguish itself from the unsecured creditor in *Grupo Mexicano*—who, "before judgment . . . ha[d] no rights at law or in equity in the property of his debtor"—on the ground that it already holds a judgment. 527 U.S. at 330. But that judgment is not against Respondents, and Petitioner cites no cases supporting the proposition that simply having a judgment against a judgment debtor provides an interest in a third party's property. *See* Reply at 9-10. In any event, even if Petitioner's prior judgment against the Judgment Debtors conferred some interest in Respondents' property, Petitioner

"assert[ed] no lien or equitable interest in the assets it s[ought] to restrain" and instead sought a legal remedy, a "money judgment." *JSC Foreign Econ. Ass'n Technostroyexport v. Int'l Dev. & Trade Servs., Inc.*, 295 F. Supp. 2d 366, 389-90 (S.D.N.Y. 2003) (holding the court "lack[ed] the power to grant the [requested] preliminary injunction" where plaintiff sought to restrain the assets of a judgment debtor's alleged alter ego).

Petitioner cites several cases in which the plaintiffs obtained preliminary injunctive relief restraining assets that allegedly had been fraudulently transferred. But, unlike here, not only did those plaintiffs seek equitable relief—namely, setting aside the transfers—but also, the equitable relief they requested related exclusively to the specific property that was transferred. *See, e.g.*, *Pashaian v. Eccelston Props., Ltd.*, 88 F.3d 77, 81 (2d Cir. 1996) (affirming the district court's grant of an injunction "enjoining defendants-appellants from disposing of the assets transferred pursuant to the disputed transactions" in an action "to set aside the transfers"); *Navigator Bus. Servs. LLC v. Chen*, No. 23 Civ. 1551 (HG), 2023 WL 7386663, at *3 (E.D.N.Y. Nov. 8, 2023) (explaining that an injunction was "permissible when a plaintiff, through a fraudulent conveyance claim, seeks to set aside a defendant's allegedly fraudulent conveyance").

**2. <u>The Petition's Other Claims Do Not Assert an Equitable Interest in Respondents' Property or Seek Final Equitable Relief</u>**

The Petition's remaining causes of action seek different kinds of relief. For example, Petitioner emphasizes that it is "also [seeking] the turnover of assets to satisfy the Judgment" and argues that "[s]uch turnover is equitable relief for a judgment creditor." Reply at 9; *see* Pet. ¶¶ 358-366. Petitioner also asserts that it "seeks equitable relief in the form of a permanent injunction, accounting, and receiver." Reply at 9 n.5; *see* Pet. ¶¶ 337-347 (permanent injunction), ¶¶ 348-357 (accounting), ¶¶ 367-378 (receiver). However, these other claims are "designed to effectuate the collection of money" and become relevant only after Petitioner

"prove[s] the legal liability of [Respondents]." *JSC*, 295 F. Supp. 2d at 389. Thus, the "equitable relief that [Petitioner] seeks" is "incidental to" its legal claims, which aim to make Respondents liable on the underlying judgment. *Id.* Accordingly, "[a] preliminary injunction in this case would be issued in aid of the collection of a money judgment, not final equitable relief, an outcome barred by *Grupo Mexicano.*" *JSC*, 295 F. Supp. 2d at 389.

### 3. Petitioner's Reference to "Maintaining the Status Quo" Does Not Change the Result

Finally, Petitioner argues that it "is not seeking to freeze assets" but "is merely seeking to maintain the status quo by preventing further transfers of assets." Reply at 9-10. Regardless of how Petitioner characterizes the effect of its requested relief, it does not have a judgment against Respondents yet seeks an asset-restraint injunction against them. Thus, Petitioner must assert a "lien or [an] equitable interest" in the assets it seeks to restrain, *Grupo Mexicano*, 527 U.S. at 310, or be "pursuing a claim for final equitable relief," *Gucci*, 768 F.3d at 131. For the reasons shown above, Petitioner is doing neither.

## CONCLUSION

Petitioner asks the Court to restrain Respondents' assets before the Court adjudicates Petitioner's claims against them for money damages. Because Petitioner does not assert an equitable interest in the specific property it seeks to restrain and is not seeking final equitable relief, the Court has no power to enter the requested injunction. Accordingly, Petitioner's motion for a temporary restraining order and preliminary injunction is denied.

The Clerk of Court is directed to terminate ECF No. 22.

SO ORDERED.

Dated: November 9, 2026
New York, New York

JENNIFER H. REARDEN
United States District Judge